
KAMALA D. HARRIS, State Bar No. 146672
Attorney General of California
ISMAEL A. CASTRO, State Bar No. 85452
Supervising Deputy Attorney General
ASHANTE L. NORTON, State Bar No. 203836
RENU R. GEORGE, State Bar No. 262310
Deputy Attorneys General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 322-2197
  Fax: (916) 324-5567
  E-mail: Ashante.Norton@doj.ca.gov
*Attorneys for Petitioner California Department of Health Care Services*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **CALIFORNIA DEPARTMENT OF HEALTH CARE SERVICES,**<br><br>Petitioner,<br><br>v.<br><br>**DIRECTOR, CALIFORNIA OFFICE OF ADMINISTRATIVE HEARINGS,**<br><br>Respondent,<br><br>**PARENTS ON BEHALF OF STUDENT, SONORA ELEMENTARY SCHOOL DISTRICT, TUOLUMNE COUNTY OFFICE OF EDUCATION,**<br><br>Real Parties in Interest. | 1:13-CV-01858-LJO-SAB<br><br>**NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: February 18, 2014<br>Time: 8:30 a.m.<br>Courtroom: 4<br>Judge: The Hon. Lawrence J. O'Neill<br><br>Action Filed: October 10, 2013 |

**NOTICE OF MOTION FOR REMAND**

PLEASE TAKE NOTICE that on February 18, 2014, at 8:30 a.m., or as soon thereafter as the matter may be heard in the United States District Court for the Eastern District of California, Fresno Courthouse, Courtroom 4, Seventh Floor, 2500 Tulare Street, Fresno, CA 93721,

1

Petitioner California Department of Health Care Services (Department), will and hereby does move the court to remand this action to the state court where it was originally filed, the Superior Court of California, Tuolumne County (Case No. CV58418.)  This motion is made on the grounds that the Court lacks jurisdiction over the writ of mandate and complaint for declaratory relief filed by the Department to review the administrative decision of a state Administrative Law Judge.

The motion will be and is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the pleadings and papers filed herein, and the argument of counsel.

## MOTION FOR REMAND

Petitioner, California Department of Health Care Services, by and through its undersigned counsel, hereby moves this Court to remand the case to state court pursuant to United States Code, title 28, section 1446 for the grounds stated as follows:

1. The Notice of Removal is procedurally defective.  The Respondent, the Director of the California Office of Administrative Hearings has not joined in the notice of removal, nor do Parents even mention the requirement that *all* defendants must join in their contention that "all procedural requirements for removal have been satisfied."  Notice, at 4, ECF 1.

2. All three of the causes of action in Petitioner's lawsuit are state law claims.

3. At issue in the Department's lawsuit is whether respondent, the Office of Administrative Hearings, in issuing its Decision, exceeded its jurisdiction, committed prejudicial abuse of discretion and failed to proceed in a manner required by law when it ordered the Department to provide services that the Department has not determined to be "medically necessary"; to provide additional services as compensation; when it held the Department responsible for provision of FAPE; and when it allowed the administrative matter to proceed against the Department alone, without the local education agencies (LEA) as necessary parties. The Department's contention is that the decision violates state law requirements regarding the allocation of payment and responsibilities between state and local entities.

4. There are no federal law causes of action or claims in the Petition.

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

In California, special education expenditures is one of the most significant costs of K through 12 Education. The fundamental dispute in this lawsuit is whether a state administrative law judge (ALJ) can order a state agency to pay for medical services that California law requires the local agency to provide if such a service is required to ensure that a child receives an education. This case is about a funding dispute between state and local entities arising out of California law. This does not require adjudication of any federal law claims or issues, so this case should be remanded to the state court to allow it to decide questions of state law and obligations between the state and local entities.

In fact, just yesterday, the California Supreme Court, in considering a question certified from the Ninth Circuit, issued an opinion addressing responsibility for the provision of special educations services pursuant to state law, noting that "Congress has left it to each state to determine which public entity within the state is responsible for providing special education and related services." *Los Angeles Unified Sch. Dist. v. Garcia*, __P.3d___ 2013 WL 6501267 *1, 9th Cir. No, 10-55879 (Cal. Filed Dec. 12, 2013); see also, *Los Angeles Unified Sch. Dist. v. Garcia*, 669 F.3d 956, 960 (9th Cir. 2012) ("Thus, questions of which agency is responsible for providing a student with a FAPE are determined under state law.")

There is no strong federal interest in determining, through state law causes of action, whether the ALJ's decision violates state law delineating the obligations of local versus state entities. Real party in interest Parents removes this matter based solely on the contention that "the Petition involves questions of federal law under the IDEA, including whether the Department denied Student a FAPE." Notice, at p. 3, citing 20 U.S.C.A § 1415(3)(A), ECF 1. The Department disputes this characterization of the Petition, but, in any event, the very provision of the federal Individuals With Disabilities Education Act (IDEA) upon which Parents rely, provide that such an action "may be brought in any State court of competent jurisdiction or in a district court of the United States." 20 U.S.C.A § 1415(3)(A). In other words, even the federal statute which Parents claims compels this removal, expressly permits the issue to be resolved by a

3

state court.  Thus, because the Petition seeks resolution of state law questions, with state law causes of action, and review of a state ALJ's decision which relies on state law, this case should be remanded back to the superior court.

## BACKGROUND

California has adopted legislation in order to participate in the IDEA.  Educ. Code, § 56000 *et seq*.; Cal. Code Regs., tit. 5, § 3000 *et seq*.  California law, consistent with federal law, mandates that the local education agencies (LEAs) bear primary responsibility for providing an adequate free and appropriate public education (FAPE) to all individuals with exceptional needs.  Educ. Code, §§ 56026, 56032, 56100, 56135, & 56501; Gov. Code, § 7561.  The LEAs are required to provide special education and those related services and designated instruction and services contained in a child's individualized education program (IEP) that are necessary for the child to benefit educationally from his or her instructional program.  Educ. Code, § 56040(a); Gov. Code, § 7573.  Under both state and federal law, if there is a dispute about whether services are to be provided pursuant to an IEP, or if another government agency does not provide or pay for services, it is the legal responsibility of the LEAs to provide any necessary service included in an IEP.  20 U.S.C.A. § 1412(a)(12)(B)(ii); Educ. Code, § 56344.  California law provides a mechanism whereby the LEAs can then seek reimbursement from the other government agency through appropriate channels.  See Gov. Code, § 7585.  This is necessary so that students receive the services required to ensure a FAPE.

Here, however, Parents, on behalf of Student, filed a Special Education Due Process Complaint against the Tuolumne County Office of Education and the Sonora Elementary School District, the two LEAs responsible for ensuring Student receives FAPE, *and* the California Department of Health Care Services (Department).  Although the LEAs were joined as parties to the matter, Parents apparently reached a secret settlement agreement with the LEAs that resulted in the LEAs being dismissed from the administrative proceedings.  Petition, Exhibit 1, p. 1 fn 2.

As a result, the sole respondent to the administrative proceedings below was California Children's Services (CCS), a program administered by the Department and designated local agencies.  Health & Saf. Code, §§ 123805 & 123850.  CCS is a state and county program

4

providing "medically necessary" benefits to persons 21 years of age and younger with physically handicapping conditions who meet medical, financial, and residential eligibility requirements. Health & Saf. Code, §§ 123805, 123825, 123845, & 123850; Cal. Code Regs., tit. 22, § 41410. Under the CCS Medical Therapy Program, a component of the CCS program located in public schools that provides occupational therapy, physical therapy, and physician consultations, the Department, or any designated local agency administering the CCS, is responsible for providing "medically necessary" occupational therapy and physical therapy by reason of medical diagnosis and when contained in a child's IEP. Gov. Code, § 7575(a)(1); Health & Saf. Code, §§ 123825 & 123950; Cal. Code Regs., tit. 22, § 41450.

At the state administrative proceedings, the Department asserted that the case could not proceed against the Department alone, because such a result would violate the express requirements of California law that the LEAs are responsible for providing necessary services, and can then seek reimbursement if another public agency is actually responsible. The Department also argued that the ALJ could not order it to provide CCS services when the mandatory requirements for CCS services had not been satisfied – CCS services require prior authorization by the Department or its designee. Health & Saf. Code, §123929(a). Prior authorization requires a determination by the Department or its designee of all of the following: (1) The child receiving the services is confirmed to be medically eligible for the CCS program; (2) the provider of the services is approved in accordance with the standards of the CCS program; and (3) the services authorized are medically necessary to treat the child's CCS-eligible medical condition. Health & Saf. Code, §123929(a).

A child is determined to be eligible for therapy services "[i]f the California Children's Service medical therapy unit conference team, based on a medical referral recommending medically necessary occupational or physical therapy in accordance with subdivision (b) of Section 7575 of the Government Code, finds that a handicapped child, as defined in Section 123830, needs medically necessary occupational or physical therapy." Health & Saf. Code, § 123875; see Gov. Code, § 7575; Cal. Code Regs., tit. 2, §§ 60320 & 60323; Cal. Code Regs., tit. 22, §§ 41515.1 & 41517.5. The services rendered by the Medical Therapy Unit must

5

be in accordance with all other CCS regulations and requirements.  Cal. Code Regs., tit. 2, § 60323(f).

The Department argued at the hearing that necessary state requirements include steps that did not take place here, including that the assessment for "medically necessary" occupational therapy, and that physical therapy requires the comprehensive evaluation of the physical and functional status of a pupil who has a medical therapy program eligible condition.  Cal. Code Regs., tit. 2, § 60300(a).  It further contended that "medically necessary" therapy services are provided at a level dependent on the pupil's physical and functional status as determined and prescribed by a CCS paneled physician.  Cal. Code Regs., tit. 2, § 60323.  The CCS paneled physician made the determination that monitoring-a prescription for PT and OT twice a month or less- was the proper plan.  Petition, p. 10:14-23.

The ALJ issued a final decision on July 15, 2013, in which he ordered the Department to provide CCS services to Student.  Neither of the LEAs were included in the administrative proceeding, having apparently been dismissed by Parents based on a settlement agreement that has not yet been publicly disclosed.  Because the ALJ's decision would require the Department to violate state laws regarding provision of IEP services; regarding the provision of CCS services; and in contradiction to how the State has allocated the responsibility between state and local entities, the Department filed a Petition for Writ of Mandate and Complaint for Declaratory Relief in the Tuolumne County Superior Court on October 10, 2013.  The Parents filed the Notice of Removal on November 14, 2013.

## ARGUMENT

### I.   THIS CASE DOES NOT ARISE UNDER FEDERAL LAW.

The propriety of removal turns on whether the case falls within the original "federal question" jurisdiction of the United States District Courts: "The district courts shall have jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  For purposes of this subject matter jurisdiction, a case "aris[es] under" federal law if "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a

substantial question of federal law." *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 27–28 (1983). The Department's complaint asserts three state law causes of action – writ of administrative mandate, writ of ordinary mandate, and declaratory relief – to obtain judicial review of an state administrative decision that requires a state agency to pay for services provided under a state program in a manner prohibited by the implementing state law. There is no federal question to be settled, and the Court should decline to address the questions of state law that are presented here. "Because of the 'Congressional purpose to restrict the jurisdiction of the federal courts on removal,' the statute is strictly construed, and federal jurisdiction 'must be rejected if there is any doubt as to the right of removal in the first instance.'" *Duncan v. Stuetzle* (9th Cir. 1996) 76 F.3d 1480, 1485, citations omitted.

### A. The Complaint Asserts Claims Arising Out of State Law Issues.

Federal law does not support removal of this petition for writ of mandate and complaint for declaratory relief to federal court. District courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. While federal law is mentioned in the Petition, the Department's lawsuit does not "arise under" any federal law. The Director's petition is an appeal of a state ALJ's decision that erroneously ordered the Department to act in a manner not required by, and in contradiction to, state law. The final administrative decision issued by the ALJ was based on state statutes, state legislation, state regulations, and state case law. The Department's allegations are that the ALJ reached the wrong conclusion based on its interpretation of state, not federal, law. In other words, the Department takes no position on whether the services ordered here are necessary to provide the Student with a FAPE in accordance with either state or federal law. The fundamental dispute that the Department seeks judicial review of, is whether the Department can be ordered to provide and pay for services, as opposed to the local entity, in a manner that differs from and contradicts state law. As set forth in the petition, state law requires the LEAs to provide special education and those related services contained in a child's IEP that are necessary for the child to benefit educationally from his or her instructional program. Petition, p. 4:19-26; Gov. Code, § 7573.

7

State law governs the conditions upon which the services at issue here are offered and who is financially responsible for providing such services. Gov. Code, § 7575. There is no federal law that compels the Department to provide the services at issue here, as CCS is a state and county program. Health & Saf. Code, §§ 123805, 123825, 123845, 123850; Cal. Code Regs., tit. 22, § 41410.

Defendants seeking removal of a case to federal court bear the burden of establishing grounds for federal jurisdiction. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). There is a strong presumption against removal, and the statutes are strictly construed against removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941). Here, the sole party seeking removal fails to meet that burden. In their Notice of Removal, Parents' claim, without specification, that "the Petition involves questions of federal law under the IDEA, including whether the Department denied Student a FAPE." Notice ¶ 6, Doc. 1 at 3, citing 20 U.S.C.A § 1415(3)(A), ECF 1. However, Parents' contention, that this dispute is over the provision of FAPE to a particular student, is belied by the actual Petition. But, even were Parents' characterization of the claims in the Petition correct, which the Director disputes, this contention is insufficient to confer federal jurisdiction. The very federal law on which Parents rely here also would permit resolution in state court. 20 U.S.C.A § 1415(3)(A) [such an action "may be brought in any State court of competent jurisdiction or in a district court of the United States"].

Moreover, where, as here, state law effectuates federal law, Parents cannot simply invoke the IDEA in an effort to confer federal question jurisdiction. Invoking federal law "does not confer federal question jurisdiction when the plaintiff also invokes a state constitutional provision or state statute than can and does serve the same purpose." *Rains v. Criterion Systems, Inc.*, (9th Cir. 1996) 80 F.3d 339, 345. As the Petition asserts, "California has adopted legislation in order to participate in IDEA." Petition, ¶ 10; see Educ. Code, §§ 56000, 56040. The IDEA "leaves to the States the primary responsibility for developing and executing educational programs" for disabled students. *Garcia, supra*, at *5 quoting *Schaffer v. Weast* (2005) 546 U.S. 49, 52. The IDEA likewise leaves it to the states to decide how funding and the responsibility for providing

8

the required services will be allocated among the various state and local public agencies. *Garcia*, *supra*, *5; See also *Manchester School Dist. v. Crisman* (1st Cir. 2002) 306 F.3d 1, 10 ["The IDEA nowhere purports to allocate financial liability among the multitude of school districts housed within the fifty states"]. And thus, even the question as posed by Parents – "whether the Department denied Student a FAPE" – could be addressed under California law should it be relevant or necessary. See Educ. Code, § 56040, subd. (a). Under the test of *Christianson v. Colt Industries Operating Corp.*, if a claim is supported by a theory that does not establish federal subject matter jurisdiction, then federal subject matter jurisdiction does not exist. 486 U.S. 800, 810 (1988).

To address this dispute, the necessary parties, by definition include those LEAs that Parents dismissed from their administrative claims. Because the question is whether the Department can be ordered to pay for or provide services in a manner not permitted under state law, this case is properly remanded to the superior court to resolve state law issues.

**B.   The Court Should Decline to Exercise Jurisdiction Over the State Law Causes of Action**

The Director's petition seeks relief by administrative and ordinary mandate, as well as declaratory relief, all arising under California law. Even in cases where federal courts have original jurisdiction, they can decline supplemental jurisdiction over state law claims. 28 U.S.C. § 1367(a). Thus, even were this Court to determine that there are federal law issues here, it could decline to exercise supplemental jurisdiction over the state law claims. As the Petition seeks relief exclusively pursuant to state law remedies, the court may decline on the basis of any of the following: "(1) the claim raises a novel or complex issue of State law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c).

District courts routinely deny supplemental jurisdiction over California writ of mandate claims. See, e.g., *Mory v. City of Chula Vista*, 2011 WL 777914 at * 2 (S.D. Cal. Mar. 1, 2011); *Pac. Bell Tel. Co. v. City of Walnut Creek*, 428 F.Spp.2d 1037, 1055 (N.D.Cal. 2006); *City Limits*

9

*of N. Nev., Inc. v. Cnty. of Sacramento*, 2006 WL 2868950, at * 3 (E.D. Cal. Oct. 6, 2006); *Sanchez v. City of L.A.*, 2010 WL 2569049, at * 17–18 (C.D.Cal. May 26, 2010) (recommending that court decline supplemental jurisdiction over state law mandate claim), report and recommendation adopted 2010 WL 2572615 (C.D.Cal. June 18, 2010); *Tomlinson v. Cnty. of Monterey*, 2007 WL 2298038, at *2 (N.D.Cal. Aug.8, 2007); *Moua v. City of Chico*, 324 F.Supp.2d 1132, 1143 (E.D.Cal.2004); *Spielbauer v. Cnty. of Santa Clara*, 2004 WL 2663545, at *3 (N.D.Cal. Nov.17, 2004) ("[E]ven if this court had original jurisdiction over a related claim, the Court would be loath to exercise supplemental jurisdiction over Spielbauer's [state-law administrative mandate] Cause of Action."). Likewise here, even if this court were to find that it has original jurisdiction over this case, the court should decline to exercise supplemental jurisdiction over the state law causes of action. Since all the causes of action in the Petition are based in state law, this matter should be remanded to the superior court.

## II. PARENTS' NOTICE IS PROCEDURALLY DEFECTIVE BECAUSE THEY HAVE FAILED TO COMPLY WITH THE UNANIMITY REQUIREMENT.

The Director's petition names, as respondent, the Director of the Office of Administrative Hearings, and three real-parties-in-interest. Respondent OAH has not joined in or consented to the removal. When there is more than one defendant in the action, *all* defendants must unanimously agree to join in or consent to the removal. *Hewitt v. City of Stanton*, 798 F.2d 1230, 1232 (9th Cir.1986); *United Computer Sys., Inc. v. AT & T Corp.*, (9th Cir. 2002) 298 F.3d 756, 762. Having failed to comply with the unanimity requirement, this removal is procedurally defective. See *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n. 1 (9th Cir.1988).

## CONCLUSION

For all the foregoing reasons, petitioner respectfully requests that this Court remand the matter back to the superior court.

/ / /

/ / /

/ / /

Dated: December 13, 2013

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
ISMAEL A. CASTRO
Supervising Deputy Attorney General
RENU R. GEORGE
Deputy Attorney General


<u>/S/ Ashante L. Norton</u>
ASHANTE L. NORTON
Deputy Attorney General
*Attorneys for Petitioner*

SA2013112794
11237781.doc

Not. of Mot. and Mot. to Remand; Mem. Of P.& A. in Support  (1:13-CV-01858-LJO-SAB)

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name: **California Dept. of Health Care Services v. Director, Office of Administrative Hearings**
No.: **1:13-CV-01858-LJO-SAB**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

On December 13, 2013, I served the attached **NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** by placing a true copy thereof enclosed in a sealed envelope in the internal mail collection system at the Office of the Attorney General at 1300 I Street, Suite 125, P.O. Box 944255, Sacramento, CA 94244-2550, addressed as follows:

Office of Administrative Hearings
Attn: Special Education Division
2349 Gateway Oaks Drive, Suite 200
Sacramento, CA 95833-4231
*Defendant*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on December 13, 2013, at Sacramento, California.

Jerrianne L. Eckman
Declarant

SA2013112794
11239785.doc