# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA DEPARTMENT OF HEALTH CARE SERVICES,<br><br>Petitioner,<br><br>v.<br><br>DIRECTOR, CALIFORNIA OFFICE OF ADMINISTRATIVE HEARINGS, et al.,<br><br>Respondents. | Case No. 1:13-cv-01858-LJO-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PETITIONER'S MOTION TO REMAND BE GRANTED<br><br>ECF NO. 13 |

On December 13, 2013, Petitioner California Department of Health Care Services ("DHCS") filed a motion to remand this action back to state court. (ECF No. 13.) The motion was referred to the undersigned magistrate judge for findings and recommendations pursuant to 28 U.S.C. §636(b).

The hearing on Plaintiff's motion took place on February 19, 2014. For the reasons set forth below, the Court recommends that Plaintiff's motion to remand be granted.

## I.

## BACKGROUND

This action was removed from the Superior Court of California for the County of Santa Clara on November 14, 2013. (ECF No. 1.) The action was removed by "Real Parties in Interest, Parents of Student." (Notice of Removal 1:24-27.) This action was removed on the

grounds that the action involves questions of federal law under the Individuals with Disabilities Education Act ("IDEA").

DHCS initiated this action by filing a Petition for Writ of Mandate in state court on October 10, 2013. DHCS sought a writ of mandate directed to the Office of Administrative Hearings ("OAH") to set aside OAH's decision issued on July 15, 2013. OAH is named as the respondent to the Petition for Writ of Mandate. The real parties in interest are a student who attends a public school within the Sonora Elementary School District ("Student"), Student's parents ("Parents"), and the Tuolumne County Office of Education.

The underlying dispute concerns the free, appropriate public education ("FAPE") required under the IDEA for children with disabilities. A dispute arose between Student and Parents, on one hand, and Tuolumne County Children's Services Program ("CCS") concerning the physical therapy and occupational therapy services that must be provided to Student under the IDEA.

On July 15, 2013, OAH held a hearing and determined that CCS denied Student a FAPE by reducing Student's physical therapy and occupational therapy without going through the individualized education program ("IEP") process. OAH required CCS to restore Student's physical therapy and occupational therapy services to the pre-reduction levels and provide Student with 40 hours of compensatory occupational therapy and 50 hours of compensatory physical therapy. DHCS's petition for writ of mandate contends that OAH exceeded its jurisdiction and abused its discretion with its order.

DHCS now seeks remand of this action and contends that the Court lacks jurisdiction because this case does not arise under federal law. DHCS also contends that removal was procedurally defective because Respondent OAH has not joined in or consented to removal. Student and Parents oppose remand.

## II.

## LEGAL STANDARDS FOR MOTIONS TO REMAND

Removal of actions from state court to federal court are generally governed by 28 U.S.C. § 1441, which states, in pertinent part:

2

(a) Generally.--Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Motions to remand are governed by 28 U.S.C. § 1447(c), which states, in pertinent part:

If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

Removal statutes must be construed narrowly in favor of remand to protect the jurisdiction of state courts. Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 698 (9th Cir. 2005). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979)).

## III.

## DISCUSSION

### A. Federal Question Jurisdiction

DHCS argues that this Court lacks jurisdiction over this action because it does not arise under federal law. DHCS contends that the underlying dispute is not whether the services ordered by the OAH are required to provide Student with a FAPE in accordance with state or federal law. Instead, DHCS contends that the underlying dispute is whether DHCS can be ordered to provide and pay for such services, as opposed to the local entity, in a manner that differs from and contradicts state law. DHCS argues that this issue arises solely under state law and not under the IDEA or any other federal law.

District courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The well-pleaded-complaint rule has long governed whether a case 'arises under' federal law for purposes of § 1331." Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc., 535 U.S. 826, 830 (2002). "[F]ederal jurisdiction generally exists 'only when a federal question is presented on the face of

the *plaintiff's* properly pleaded complaint.'" Id. (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (italics in original). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987). Moreover, "[i]t is a 'long-settled understanding that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction.'" Lippitt v. Raymond James Financial Services, Inc., 340 F.3d 1033, 1040 (9th Cir. 2003) (quoting Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 808 (1986)).

However, "'[t]he artful pleading doctrine is a corollary to the well-pleaded complaint rule, and provides that "[a]lthough the plaintiff is master of his own pleadings, he may not avoid federal jurisdiction by omitting from the complaint allegations of federal law that are essential to the establishment of his claim."'" Lippitt, 340 F.3d at 1041 (quoting Hansen v. Blue Cross of California, 891 F.2d 1384, 1389 (9th Cir. 1989)). "Under the artful pleading doctrine, 'a plaintiff may not defeat removal by omitting to plead necessary federal questions to a complaint.'" Id. (quoting Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern California, 463 U.S. 1, 22 (1983)). "Courts should 'invoke the doctrine "only in limited circumstances as it raises difficult issues of state and federal relationships and often yields unsatisfactory results."'" Id. (quoting Sullivan v. First Affiliated Securities, Inc., 813 F.2d 1368, 1373 (9th Cir. 1987)).

"[T]he artful pleading doctrine allows federal courts to retain jurisdiction over state law claims that implicate a substantial federal question. A state law claim falls within this ... category when (1) a substantial, disputed question of federal law is a *necessary* element of ... the well-pleaded state claim ... or the claim is an 'inherently federal claim' articulated in state-law terms, or (2) the right to relief depends on the resolution of a substantial, disputed federal question." Lippitt, 340 F.3d at 1042 (internal quotations and citations omitted).

DHCS's petition for writ of mandate does not raise any causes of action where a disputed question of federal law is a necessary element of its claim. Three causes of actions are asserted by DHCS: (1) for a writ of administrative mandate pursuant to California Code of Civil

Procedure section 1094.5, (2) for a writ of ordinary mandamus pursuant to California Code of Civil Procedure 1085, and (3) for declaratory relief pursuant to California Code of Civil Procedure 1085. All three causes of action are provided for under California law and authorize writs to be issued to inquire into the validity of administrative decisions. None of the three causes of action necessarily requires a violation of federal law to be cognizable. Therefore, the artful pleading doctrine would only apply if DHCS's right of relief depends on the resolution of a substantial, disputed federal question.

In its opposition to the motion to remand, Student and Parents identify two federal issues relevant to DHCS's petition. First, DHCS challenges OAH's determination that it had jurisdiction to resolve the dispute because California Government Code section 7586 states that all state departments and their designated local agencies are governed by the procedural safeguards set forth in 20 U.S.C. § 1415. Second, Student and Parents contend that a substantial federal question exists because OAH concluded that Student was denied a free appropriate public education, which is a conclusion that is determined by federal and state statutes and case law.

"The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The Court finds that Student and Parents have not met their burden in demonstrating that removal was proper. Student and Parents have only demonstrated that a federal question may arise in this action because DHCS is challenging the OAH's administrative order and some aspects of the administrative order arose from federal law. However, DHCS's petition does not definitively plead any federal questions and it is entirely possible that this action is resolved without determining any federal issues. Given the strong presumption against removal jurisdiction, the Court recommends that this action be remanded to state court.

Student and Parents assert two additional arguments in opposition to remand. First, Student and Parents contend that federal question jurisdiction is appropriate because DHCS should have appealed OAH's decision pursuant to 20 U.S.C. § 1415(i)(2)(A) rather than via petition for writ of mandamus pursuant to California Code of Civil Procedure § 1094.5. As an initial matter, the Court notes that the opinions from the case cited by Student and Parents in

support of the proposition that writs for mandamus pursuant to Section 1094.5 are precluded by Section 1415 civil actions are dicta, as the court in San Francisco Unified School Dist. v. State of California, 131 Cal. App. 3d 54 (1982) expressly declined to decide which method of appeal was proper. Id. at 65 ("...we find it unnecessary to decide which method of appeal is proper....") Furthermore, whether DHCS's petition is not cognizable under Section 1094.5 is an issue that is more appropriately asserted by Student and Parents as a defense before the state court, as it appears to be a novel state law issue. The possibility that DHCS does not state a cognizable claim under Section 1094.5 does not confer federal question jurisdiction over this action.

Student and Parents contend that this Court should retain jurisdiction over this action because Student and Parents filed a counterclaim in this Court and if Plaintiff's case is remanded, Student and Parents will be forced to litigate in two separate forums and the two separate actions may run the risk of inconsistent judgments. However, federal jurisdiction may not rest upon an actual or anticipated counterclaim. Vaden v. Discover Bank, 556 U.S. 49, 60 (2009). Moreover, Student and Parents cite no authority, and the Court is unaware of any such authority, that federal jurisdiction and removal are proper based upon the risk of inconsistent judgments associated with a counterclaim asserted in federal court or based upon judicial economy concerns.

At the hearing, Student and Parents identified a decision from the Northern District, Douglas v. Director, California Office of Administrative Hearings, Case No. C-13-05306-RMW, where remand was denied on what Student and Parents contend were similar circumstances as in this case. Another district's opinion is not binding on this Court, Hart v. Massanari, 266 F.3d 1155, 1176 (9th Cir. 2001) and Douglas appears to be distinguishable. As noted in Douglas, the "petition arises under federal law if it could have been originally filed in the district court." Douglas at pg. 3. However, in this case, as noted above, the claims are entirely state-claims, which could not have been filed in federal court, and it is perfectly appropriate for a plaintiff to avoid federal jurisdiction by pleading solely state-law claims. Balcorta v. Twentieth Century-Fox Film Corp. 208 F.3d 1102, 1106 (9th Cir. 2000) ("this rule makes a plaintiff the master of his complaint: it allows him to avoid federal jurisdiction by relying exclusively on state law"). As discussed above, DHCS's petition does not raise any federal claims on its face and Student

and Parents have not persuasively demonstrated that federal issues will predominate over this action.

Based upon the foregoing, the Court finds that Student and Parents have failed to carry their burden in demonstrating that removal was proper based upon the existence of federal question jurisdiction. The Court recommends that this action be remanded to state court.

### B.    Procedural Defects in Removal

DHCS contends that remand is appropriate because of a procedural defect in removal—namely that Student and Parents failed to join OAH in its removal petition and therefore violated the unanimity requirement for removal. See Hewitt v. City of Stanton, 798 F.2d 1230, 1232-33 (9th Cir. 1986) ("All defendants must join in a removal petition with the exception of nominal parties."). In light of the Court's findings that federal question jurisdiction has not been established, the Court declines to address DHCS's arguments pertaining to the unanimity requirement.

### IV.

### CONCLUSION AND ORDER

Based upon the foregoing, the Court finds that Student and Parents have failed to carry their burden in demonstrating that removal was proper based upon the existence of federal question jurisdiction.

Accordingly, it is HEREBY RECOMMENDED that:

1. DHCS's motion to remand be GRANTED; and
2. That this action be remanded to state court.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified

time may waive the right to appeal the district judge's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **February 20, 2014**

UNITED STATES MAGISTRATE JUDGE